

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-1-2003

# Burstein v. Retirement Account

Precedential or Non-Precedential: Precedential

Docket No. 02-2666P

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

## Recommended Citation

"Burstein v. Retirement Account" (2003). *2003 Decisions.* Paper 292.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/292

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed August 1, 2003

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-2666

WILLIAM H. BURSTEIN, M.D.; EFRAIN J. CRESPO, M.D.;
RICHARD R. AUSTIN; ELEANOR HING FAY;
JEAN B. HAAS, individually and on behalf of others
similarly situated,

*Appellants*

v.

RETIREMENT ACCOUNT PLAN FOR EMPLOYEES OF
ALLEGHENY HEALTH EDUCATION AND RESEARCH
FOUNDATION, c/o Administrator Dwight Kasperbauer,
individually and as Plan Administrator, and named
fiduciary; DAVID C. McCONNELL; WILLIAM F. ADAM; J.
DAVID BARNES; RALPH W. BRENNER; DOROTHY
MCKENNA BROWN; FRANK V. CAHOUET; DOUGLAS D.
DANFORTH; RONALD R. DAVENPORT; HARRY R.
EDELMAN, III; ROBERT L. FLETCHER; IRA J. GUMBERG;
ROBERT M. HERNANDEZ; FRANCIS B. NIMICK, JR.;
ROBERT B. PALMER; ROBERT M. POTAMKIN; DAVID W.
SCULLEY; W. P. SNYDER, III; MELLON BANK NA;
PENSION BENEFIT GUARANTY CORPORATION, as
successor-in-interest

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 98-cv-06768)
District Judge: Honorable Charles R. Weiner

Before: SCIRICA, *Chief Judge*, AMBRO and
GARTH, *Circuit Judges*

## ORDER AMENDING OPINION

It is ORDERED that footnote 3 of the opinion in the above-entitled case be, and hereby is, amended by adding an additional paragraph of text to the end of the present footnote, so that footnote 3 will now read in its entirety:

> The PBGC "is a wholly owned United States Government corporation . . . The PBGC administers and enforces Title IV of ERISA. Title IV includes a mandatory Government insurance program that protects the pension benefits of [tens of millions of] private-sector American workers who participate in plans covered by the Title." *Pension Ben. Guar. Corp. v. LTV Corp.*, 496 U.S. 633, 636-37 (1990) (citing 29 U.S.C. § 1302) (other citations omitted).

> Burstein has sued PBGC both in its role as statutory guarantor under Title IV of ERISA and in its role as the substituted administrator for Kasperbauer, the former Plan administrator. As substituted administrator, PBGC now administers the terminated Plan. We explain this distinction in Part III, *infra*.

> We have used the terms "administrator" and "substituted administrator" to clarify that PBGC has essentially taken over certain Plan duties from AHERF upon the Plan's termination. Our use of these terms should not be construed as assigning any role to the PBGC other than the role of Statutory "Trustee" of the terminated Plan, as outlined in Title IV of ERISA. As PBGC has taken pains to point out, Statutory Trustee is the term used when the Plan is a terminated plan (such as the one at issue here), whereas administrator is the term used when the plan is ongoing. As PBGC acknowledges, our use of the term "administrator" or "substituted administrator" has no effect on our decision.

IT IS SO ORDERED.

3

BY THE COURT,

/s/ Leonard I. Garth
United States Circuit Judge

DATED: August 1, 2003

A True Copy:
       Teste:

*Clerk of the United States Court of Appeals*
*for the Third Circuit*